IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. 1:06-cv-040 |
| ) | |
| SIDNEY J. BAILEY, JR., a/k/a SIDNEY ) | <u>FINDINGS OF FACT,</u> |
| BAILEY, ) | <u>CONCLUSIONS OF LAW, AND</u> |
| ) | <u>ORDER FOR JUDGMENT</u> |
| Defendant. ) | |

The above-entitled case came before the Court at Bismarck, North Dakota, on November 22, 2006, upon the motion of the United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, attorneys for the plaintiff, for entry of default and judgment by default against defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey.  Evidence was adduced for and on behalf of the United States in support of its motion aforesaid and no one appeared for or in behalf of the defendant.  Defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey, is in default.  Upon review of the file, the Court notes that:

Now, upon the evidence adduced by the United States and upon due consideration of all matters pertaining to the records herein, the Court makes the following:

FINDINGS OF FACT

FIRST CAUSE OF ACTION

1.

Defendant Sidney J. Bailey, Jr., for value received, made, executed and delivered to the United States of America, acting through the Farm Service Agency (FSA), formerly known as Farmers Home Administration (FmHA), the following promissory notes in writing, wherein and whereby he promised to pay to the United States of America the following stated principal amounts plus interest on the unpaid principal balances at the stated rates until paid[1]:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Exhibit |
|---|---|---|---|
| November 28, 1995 | $116,000.00 | 5.00% | A |
| January 8, 1997 (Reschedule and Deferral of Note attached as Exhibit "A" with Addendum) | $101,420.36 | 5.00% | B |
| February 26, 1998 | $73,340.00 | 5.00% | C |

2.

To secure the balance due and owing on the promissory notes described in paragraph 1 above, defendant Sidney J. Bailey, Jr., made, executed, and delivered to the United States a Security Agreement (Chattel Property and Fixtures) (Exhibit "D") on or

---

[1]Copies of all exhibits referenced in these findings such as, but not limited to, promissory notes, rescheduled promissory note, security agreements, financing statements are attached to the Complaint filed in this action. The exhibit letter of each attachment is noted by the described

2

about November 24, 1995, wherein and whereby he granted to the United States a security interest in all livestock, farm machinery and other equipment and inventory, then owned or thereafter acquired, together with all replacements, substitutions, additions and accessions, including, but not limited to, the livestock and specific items of farm machinery and other equipment described in the Security Agreement.

3.

To further secure the balance due and owing on the promissory notes described in paragraph 1 above, defendant Sidney J. Bailey, Jr., made, executed and delivered to the United States a Security Agreement (Chattel and Crops) (Exhibit "E") on or about March 31, 1998, wherein and whereby he granted to the United States a security interest in all livestock, farm machinery and other equipment, and inventory, then owned or thereafter acquired, together with all replacements, substitutions, additions and accessions, including but not limited to, the livestock, specific items of farm machinery and other equipment described in the Security Agreement.

4.

To perfect the security agreements described in paragraphs 2 and 3 above, a financing statement was filed on November 28, 1995, with the County Recorder of Sioux County, North Dakota, as Document No. 95-000555828 (Exhibit"F") and a continuation was filed on August 24, 2000, as Document No. 00-000962179 (Exhibit "G").

5.

Defendant Sidney J. Bailey, Jr., defaulted in the payment of the promissory notes listed in paragraph 1, secured by the security agreements and financing statements all listed above, in that he has failed to make timely payments of principal and interest on the instruments.

6.

By reason of the defaults in the covenants and conditions of the security agreements and promissory notes listed above, the United States declared the entire amount of the indebtedness as evidenced by the promissory notes herein due and owing. All administrative and serving actions have been completed and the United States provided defendant Sidney J. Bailey, Jr., with all the notices required by federal law.

7.

There is due and owing to the plaintiff by the defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey, on the promissory note dated January 8, 1997, in the original principal amount of $101,420.36, principal in the sum of $101,393.12, and interest to November 21, 2006, of $49,992.65; on the promissory note dated February 26, 1998, in the original principal amount of $73,340.00, principal in the sum of $37,500.36, and interest to November 21, 2006, of $9,131.06; and protective advances due and payable under the terms of the loan instruments that have been paid out to cover payment of filing fees, principal in the sum of $17.00 and interest to November 21, 2006, of $1.57, together with the costs and disbursements of this action amounting to $551.75, making a total of

$198,587.51, plus prejudgment interest which accrues at a daily rate of $19.0289 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate.

8.

That on or about October 16, 2005, defendant Sidney J. Bailey filed a Petition under Chapter 7 of the Bankruptcy Code.  A discharge was entered by the Bankruptcy Court on February 13, 2006.  No deficiency judgment shall be sought against the defendant as he has been discharged on his personal obligation on this debt.

## SECOND CAUSE OF ACTION

1.

On or about October 12, 1999, defendant Sidney J. Bailey through defendant McLaughlin Livestock Auction sold livestock.  Defendant McLaughlin Livestock Auction issued check numbered 37371 in the sum of $13,019.53 payable to Sidney Bailey, Jr., and FSA for the livestock sold.  On or about June 11, 2002, defendant McLaughlin Livestock Auction stopped payment on the October 12, 1999 check and reissued the check as number 038156 in the sum of $13,019.53 and is made payable to Sidney Bailey, Jr., and FSA.

2.

That pursuant to the security agreements and financing statements described in paragraph 1 of the Second Cause of Action, the United States acting through the Farm

Service Agency, holds a first-priority lien on the proceeds described in paragraph 1 of the Second Cause of Action, and the United States is entitled to receive these proceeds.

3.

Defendant Sidney J. Bailey, Jr., has failed to endorse the check described in paragraph 1 of the Second Cause of Action and turn over the proceeds to the United States for application to his indebtedness with the United States acting through the Farm Service Agency.

4.

That defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey is not in the Armed Forces of the United States.

From the foregoing Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

1.

The Court has jurisdiction over the subject matter of this action and the parties named in it.

2.

The defendant has been duly and regularly served in this action according to law.

3.

The United States is still the owner and holder of the promissory notes and security agreements and there is now due and owing to the United States by defendant

Sidney J. Bailey, Jr., a/k/a Sidney Bailey, on the promissory note dated January 8, 1997, in the original principal amount of $101,420.36, principal in the sum of $101,393.12, and interest to November 21, 2006, of $49,992.65; on the promissory note dated February 26, 1998, in the original principal amount of $73,340.00, principal in the sum of $37,500.36, and interest to November 21, 2006, of $9,131.06; and protective advances due and payable under the terms of the loan instruments that have been paid out to cover payment of filing fees, principal in the sum of $17.00 and interest to November 21, 2006, of $1.57, together with the costs and disbursements of this action amounting to $551,75, making a total of $198,587.51 as of November 21, 2006, plus prejudgment interest which accrues at a daily rate of $19.0289 until the date of entry of judgment, with interest accruing after entry of judgment at the legal rate.

4.

The Plaintiff has a first, valid and subsisting lien on all of the livestock, farm machinery and other equipment and inventory now owned by defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey as described in the Security Agreements (Chattel Property and Fixtures) dated November 24, 1995 and March 31, 1998, including but not limited to the specific items specified in the security agreements.

5.

The United States is entitled to foreclose its security agreements and to have the chattels sold after advertisement by the United States Marshal and to have and receive the

proceeds of the sale, after the payment of the costs of this action and the costs of the sales incurred in it, applied to the indebtedness described above against defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey.

6.

That the United States Marshal for the District of North Dakota shall sell the chattel property in such location and upon such terms and conditions as the United States Marshal deems appropriate (which may include the option to retain the services of a professional auctioneer), after having advertised in a newspaper of general circulation for a period of two successive weeks in the manner and form prescribed by law.  That the proceeds from the sale, after the payments of the costs of sale, be applied to the amount adjudged to be due and owing to the United States by defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey, and that any surplus proceeds shall be turned over to the Court for deposit in the registry fund, or any other account the Court deems appropriate, and for distribution according to law.

7.

That defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey, within fifteen (15) days of entry of judgment, shall endorse the check issued by McLaughlin Livestock Auction on October 12, 1999, numbered 038156 in the sum of $13,019.53 and is made payable to Sidney Bailey, Jr., and FSA.

8.

That there shall be no deficiency judgment or personal claim against defendant Sidney J. Bailey, Jr., a/k/a Sidney Bailey.

### ORDER FOR JUDGMENT

Let judgment be entered accordingly.

Dated this 22nd day of November, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court